**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Efrain TREVIZO–CORONA,**
**Defendant–Appellant.**

**No. 13–10398.**

United States Court of Appeals,
Ninth Circuit.

Submitted April 7, 2014.*

Filed April 16, 2014.

Sheila Ann Phillips, Assistant U.S., Office of the U.S. Attorney, Phoenix, AZ, for Plaintiff–Appellee.

Jerry Matthew Hernandez, Esquire, Trial, Law Office of Jerry Hernandez, Tempe, AZ, for Defendant–Appellant.

Before: TASHIMA, GRABER, and IKUTA, Circuit Judges.

MEMORANDUM ***

Efrain Trevizo–Corona appeals from the district court's judgment and challenges the 87–month sentence imposed following his guilty-plea conviction for reentry of a removed alien, in violation of 8 U.S.C. § 1326. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

Trevizo–Corona contends that his sentence is substantively unreasonable under

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

*United States v. Amezcua–Vasquez*, 567 F.3d 1050 (9th Cir.2009), given the staleness of his prior convictions, his age, and the remoteness of his violent acts. He also argues that the district court should not have imposed a sentence 23 months longer than the 64–month sentence he previously served for a reentry offense.

The district court did not abuse its discretion in imposing Trevizo–Corona's sentence. *See Gall v. United States*, 552 U.S. 38, 51, 128 S.Ct. 586, 169 L.Ed.2d 445 (2007). The 87–month sentence, at the top of the Guidelines range, is substantively reasonable in light of the 18 U.S.C. § 3553(a) sentencing factors and the totality of the circumstances, including Trevizo–Corona's immigration history and his significant criminal history. *See id.*

**AFFIRMED.**

---

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.